IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 99–cr-30192-SMY |
| LORENZO MORALES, | ) |
| Defendant. | ) |

# MEMORANDUM AND ORDER

**YANDLE, District Judge:**

This matter is before the Court for consideration of Defendant Lorenzo Morales' Motion for Writ of Error *coram nobis* and claim of actual innocence (Doc. 103). The Government filed a response (Doc. 109) and supplemental response (Doc. 110) in opposition to the motion. For the following reasons, the motion is **DENIED**.

## Procedural Background

On September 21, 1999, the Government charged Morales by indictment with: (1) conspiracy to distribute cocaine; (2) possession with intent to distribute over 500 grams of cocaine; and (3) unlawful reentry after deportation (Doc. 13). On March 16, 2000, Morales pleaded guilty to all charges under a plea agreement (Docs. 86-87). On April 25, 2000, Morales was sentenced to 120 months' imprisonment, to be served consecutive to sentences imposed on revocation of supervised release in case numbers 99-30222-WDS and 99-30223-WDS. The sentence also included eight years of supervised release, a $1,000 fine, and a $300 special assessment (Docs. 91,

94). The Judgment was entered on April 26, 2000, and Morales filed a direct appeal (Docs. 94–95).

The Government moved to dismiss the appeal, citing Morales' waiver of appeal rights in his plea agreement. The appellate court upheld the dismissal on June 16, 2000 (*United States v. Morales*, 00-2232) (Doc. 95). Morales has now filed a Writ of Error *coram nobis* and claim of actual innocence. He claims U.S. citizenship to challenge his unlawful reentry conviction.

## Discussion

A writ of *coram nobis* is a means to collaterally attack a criminal conviction based on alleged errors of law or fact that affect the fundamental character of the conviction, including inadequate counsel. *Chaidez v. United States*, 568 U.S. 342 (2013). A petition requesting such a writ is similar to a habeas corpus petition, It seeks the same type of relief, but is available only when a defendant is no longer in custody and can no longer take advantage of habeas corpus relief. *United States v. Bonansinga*, 855 F.2d 476, 478 (7th Cir. 1988); *Stanbridge v. Scott*, 791 F.3d 715, 720 n.3 (7th Cir. 2015).

A writ of coram nobis may be granted only in "extraordinary cases presenting circumstances compelling its use to achieve justice," where alternative remedies are not available. *United States v. Denedo*, 556 U.S. 904, 911 (2009), citing *United States v. Morgan*, 346 U.S. 502, 511 (1954) (internal quotation marks omitted). A successful coram nobis petition must establish that: (1) the error alleged is "of the most fundamental character" as to render the criminal conviction "invalid"; (2) there are "sound reasons" for the defendant's "failure to seek earlier relief"; and (3) "the defendant continues to suffer from his conviction even though he is out of custody." *United States v. Wilkozek*, 822 F.3d 364, 368 (7th Cir. 2016).

To establish actual innocence, a defendant must "support his allegations of constitutional error with new reliable evidence . . . that was not presented at trial," and must demonstrate that "it is more likely than not that no reasonable juror would have convicted him in light of the new evidence." *Schlup v. Delo*, 513 U.S. 298, 324, 327 (1995). The actual innocence analysis applies to the conviction… not to the sentence or a sentencing guideline provisions.

Here, Morales argues that his conviction of illegal reentry after deportation should be vacated because he was a naturalized citizen of the United States at the time of the conviction.[1] However, the evidence before the Court shows that Morales has never been a U.S. citizen. In 1997, an immigration judge ordered his deportation to Mexico. (Doc. 110-2; 110-3; 110-4). The U.S. Citizenship and Immigration Service denied his Application for Citizenship in 2006, and his subsequent motion to reopen/reconsider the decision was denied in 2013. (Doc. 109-2, pp. 1–2; Doc. 110-1). Additionally, during Morales' sentencing for a separate offense in Connecticut, he admitted he was attempting to obtain legal status through derivative citizenship. (Doc. 109-3, pp. 9–11). He also pleaded guilty to unlawful reentry after deportation in the Eastern District of Michigan in 2018. *United States v. Moreales-Arambula*, 2:18-cr-20148-PDB-DRG-1. Currently, the Immigration and Customs Enforcement has a detainer on Morales with BOP for his deportation once he is released from prison, a procedure enforced on illegal immigrants. (Doc. 109-4; 110-5).

Morales' claim of actual innocence also fails. As stated, there is no evidence that he is a U.S. citizen. As such, he cannot demonstrate that "no reasonable juror would have convicted him in light of the new evidence."

---

[1] Morales attaches a purported naturalization certificate document, but it is completely blank and contains no discernable information. (Doc. 103, p. 5).

## Conclusion

For the foregoing reasons, the Motion for Writ of Error *coram nobis* and claim of actual innocence (Doc. 103) is **DENIED**.

**IT IS SO ORDERED.**

**DATED:  August 16, 2024**

**STACI M. YANDLE**
**United States District Judge**