IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 99-cr-30192-SMY |
| | ) | |
| LORENZO MORALES, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

**YANDLE, District Judge:**

Pending before the Court are Defendant Lorenzo Morales' motion for writ of *mandamus* and motion to correct records (Docs. 112, 113, 115). For the following reasons, the motions are **DENIED**.

Following the denial of Defendant's writ of *coram nobis* and claim of actual innocence[1], Morales filed the present motions requesting the Court to modify his sentence and update his social security number ("SSN"). However, Defendant's sentence is correct and he provides no basis for the Court to conclude that his currently recorded SSN is incorrect.

Defendant's sentencing guideline calculation correctly reflects an advisory guideline range of 120 months for Counts 1 and 2 and 84–105 months for Count 3 (Doc. 118, ¶79). Morales does not identify what the guideline range should be. Instead, he includes two placeholders in place of an alternative calculation and asserts in conclusory fashion that the existing calculation is incorrect (Doc. 112, p. 2).

---

[1] The Court's prior order includes the relevant factual and procedural details (Doc. 111).

Additionally, Defendant lists a social security number that is different from his SSN currently on record and claims that supporting proof is attached, but no such exhibit has been provided (Doc. 115). Accordingly, Defendant's motions are **DENIED**.

Given Defendant's pattern of conduct in this case including filings, in which he knowingly misrepresented his claims (e.g., asserting that he is a U.S. citizen and attaching a blank naturalization certificate despite contrary record establishing otherwise), Defendant is **WARNED** that his filing of fraudulent or misleading claims or pleadings in the future may result in sanctions by this Court. See *Fuery v. City of Chicago*, 900 F.3d 450, 463 (7th Cir. 2018) (A district court may impose sanctions under its inherent authority.).

**IT IS SO ORDERED.**

**DATED: May 6, 2026**

**STACI M. YANDLE**
**Chief U.S. District Judge**